**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MONDELL ALEXANDER, | ) | CASE NO. 1:13CV1080 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| JASON BUNTING, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Mondell Alexander ("Alexander"), challenges the constitutionality of his conviction in the case of *State v. Alexander*, Stark County Court of Common Pleas Case No. 2010-CR-1653. Alexander, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 13, 2013. On September 6, 2013, Warden Jason Bunting ("Respondent") filed a Motion to Dismiss. (Doc. No. 6.) Alexander filed a "Traverse and Objection/Rebuttal" on September 19, 2013. (Doc. No. 7.) For reasons set forth in detail below, it is recommended that Alexander's Petition be DISMISSED as time barred.

**I. Procedural History**

**A. Conviction**

On November 30, 2010, a Stark County Grand Jury issued an indictment charging Alexander with two counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01(A)(1) together with a firearm specification on each count. (Doc. No. 6-1, Exh. 1.)

Alexander entered a plea of not guilty to the charges. *See State v. Alexander*, 2012 WL 4955291 at * 1 (Ohio App. 5th Dist. Oct. 15, 2012).

On January 5, 2011, Alexander, through counsel, withdrew his not guilty plea and entered a plea of guilty as charged. (Doc. No. 6-1, Exh. 2.) On that date, Alexander signed a Ohio Criminal Rule 11C plea form, which provided in pertinent part as follows:

> I am charged with a felony of the first degree. I understand there is a presumption that a prison term is necessary in my case. (R.C. 2929.13(D).
>
> Upon release from prison, the defendant will be ordered to serve a mandatory period of five years of post-release control, pursuant to R.C. 2967.28(B). This period of post-release control will be imposed as part of defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the defendant violates the conditions of post-release control, the defendant will be subject to an additional prison term of up to one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

(Doc. No. 6-1, Exh. 2.)

The state trial court accepted Alexander's plea and conducted a sentencing hearing on January 5, 2011. (Doc. No. 6-1, Exh. 2 & Exh. 5 at 43-51.) During that hearing, the following exchange occurred:

> THE COURT: Do you understand that following any period of incarceration there would be a mandatory period of supervision by the parole authority?
>
> DEFENDANT: Yes, sir.

(Doc. No. 6-1, Exh. 5 at 46-47.) The trial court sentenced Alexander to an aggregate term of ten years incarceration. (Doc. No. 6-1, Exh. 5 at 49-50.) In addition, the court advised Alexander that "[y]ou should know that following any period of incarceration there would be a mandatory period of supervision by the parole authority for 5 years and a violation of any of those conditions will lead to periods of reimprisonment up to one-half the sentence just imposed by

-2-

this Court." (Doc. No. 6-1, Exh. 5 at 50.) On January 19, 2011 the trial court issued a Judgment Entry memorializing Alexander's change of plea and sentence. (Doc. No. 6-1, Exh. 4.) The sentencing entry stated, among other things, that Alexander was subject to a mandatory five-year term of post-release control. *Id.*

**B.  Direct Appeal**

Alexander did not file a direct appeal from his conviction and sentence.

**C.  Motion to Withdraw Guilty Plea**

On May 1, 2012, Alexander filed a *pro se* "Motion for Sentencing and Leave to Withdraw Guilty Plea," in which he argued his sentence was void because the trial court failed to properly notify him of the imposition of post-release control supervision during the plea hearing. (Doc. No. 6-1, Exh. 5.) On May 29, 2012, the trial court denied Alexander's motion. (Doc. No. 6-1, Exh. 7.)

Alexander timely appealed to the Fifth District Court of Appeals ("state appellate court"). (Doc. No. 6-1, Exh. 8.) In his brief, Alexander raised the following sole assignment of error:

> Whether the trial court abused its discretion therein violating due process when it denied 'without hearing' defendant's motion for "sentencing" and for "leave to withdraw guilty plea." see: State v. Boswell, 121 Ohio St.3d 575; and, State v. Montez-Jones, 2011-Ohio-1202 (Ohio App. 5 Dist.) *See also* Crim. R. 11(C)(2)(a).

(Doc. No. 6-1, Exh. 9.) On October 15, 2012, the trial court decision was affirmed. (Doc. No. 6-1, Exh. 11.)

Alexander timely appealed this decision to the Supreme Court of Ohio, raising the following sole assignment of error:

> Whether appellant's guilty plea is constitutionally enforceable where the trial court failed to * orally (prior to acceptance of said plea) advise appellant of the

-3-

> maximum penalty involved, the fact, duration, and nature of postrelease control, and each of the punitive consequences of a violation of postrelease control sanction. See O.R.C. § 2943.032(E). See also U.S.C.A. Const. Amend. 14.

(Doc. No. 6-1, Exhs. 12 and 13.) On March 13, 2013, Alexander's appeal was dismissed. (Doc. No. 6-1, Exh. 15.)

### D. Additional Post-Trial Motions

Meanwhile, on June 1, 2012, Alexander filed the following motions in the trial court: (1) "Motion for Judicial Release pursuant to the provisions of O.R.C. 2929.20;" and, (2) "Motion for Determination of Status of Proceedings." (Doc. No. 6-1, Exhs. 16 and 17.) In these motions, Alexander again argued (among other things) that his sentence was void because the trial court had failed to properly notify him regarding the imposition of post-release control. *Id*. On June 6, 2012, the trial court denied both motions. (Doc. No. 6-1, Exh. 18.) Respondent states Alexander did not pursue an appeal from this decision. (Doc. No. 6 at 5.)

Subsequently, on November 19, 2013, Alexander filed a "Motion for Issuance of Final Appealable Order." *See* http://www.starkcountycjis.org/starkcrt/display_cr_docket. The trial court denied the motion on January 7, 2014, and Alexander timely appealed. *Id.* The docket indicates the parties filed briefs, and the state appellate court entered a judgment on May 8, 2014. This Court has not been provided a copy of this Judgment Entry and, thus, the status of Alexander's appeal is unclear.

### E. Federal Habeas Petition

On May 13, 2013, Alexander filed a Petition for Writ of Habeas Corpus, asserting the following ground for relief:

> **GROUND ONE**: When a guilty plea is not knowingly, intelligently, and voluntarily made, it is * <u>unconstitutional</u> (as a matter of law and fact) and it must

> be vacated therefore. <u>See</u>: <u>State v. Sarkozy</u>, 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008 Ohio 509; at: ¶ 11, ¶ 25. It is equally well established that "if the trial court imposes a sentence that is unauthorized by law, the sentence is void, <u>State v. Billiter</u>, 2012 Ohio 5144, 2012 Ohio Lexis 2725, at : [*P10]. It is also well established that when a state court treats an offender differently in such a way so as to amount to a denial of due process, federal rights are implicated. <u>See</u>: <u>State v. Simpkins</u>, 117 Ohio St.3d 420; and, U.S.C.A. Const. Amend. 14.

(Doc. No. 1 at 6.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-5-

28 U.S.C. § 2244(d)(1) & (2).

**A. One-Year Limitation**

In the instant action, Respondent asserts Alexander's Petition is time-barred because he did not file within the one-year limitations period. Respondent contends Alexanders's conviction and sentence became final on February 18, 2011, which Respondent claims is thirty (30) days after Alexander's sentencing when the time to file a timely notice of appeal expired. (Doc. No. 6 at 7.) Respondent asserts Alexander "did not file any tolling actions during the one-year limitations period; therefore, the statute of limitations ran without pause until it expired one year later on February 20, 2012." *Id*. Although Alexander filed several post-judgment motions after this date (including his May 1, 2012 Motion to Withdraw Guilty Plea), Respondent argues these motions had no effect on the statute of limitations because they were filed after the limitations period had already expired. *Id*. Respondent asserts Alexander's habeas petition is untimely and barred by the statute of limitations because it was not filed until May 13, 2013.

As set forth above, the AEDPA establishes a general rule that there is a one-year statute of limitations for filing a habeas petition in federal court for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). *See Mackey v. Warden, Lebanon Correctional Institution*, 2013 WL 1908890 at * 3 (6th Cir. May 9, 2013). Subsection 2244(d)(1)(A) indicates that the limitations period runs from the date on which the state court judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review, whichever is later.

However, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review ... is pending.' § 2244(d)(2)."

*Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir.2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.* Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 3 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D.Ohio Jan. 8, 2009). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe,* 2009 WL 73905 at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, Alexander's conviction and sentence was journalized on January 19, 2011. (Doc. No. 6-1, Exh. 4.) Alexander then had thirty days, until February 21, 2011, to timely seek review by the state appellate court. *See* Ohio App. R. 4(A). Because he did not file an appeal within this thirty day time period (or, indeed, at all), his conviction became final at the end of the day on February 21, 2011 and the statute of limitations started running the next day — on February 22, 2011. Without the benefit of tolling, Alexander's habeas petition had be to filed no later than February 22, 2012. Alexander did not file his Motion to Withdraw Guilty Plea until May 1, 2012, by which time the statute of limitations had already run. Similarly, Alexander's Motions for "Determination

of Status of Proceedings" and Judicial Release (filed June 1, 2012), as well as Motion for Issuance of a Final Appealable Order (filed November 19, 2013), were all filed well after the AEDPA's statute of limitations period had run.

Thus, even assuming Alexander's various post-judgment motions were considered to be properly filed, they cannot serve to toll a statute of limitations which has already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit has explained, Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period ( i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). As such, neither Alexander's Motion to Withdraw Guilty Plea or any of his subsequent state court filings served to toll the already expired AEDPA statute of limitations.

It is unclear when Alexander delivered his *pro se* federal habeas Petition to prison officials for mailing. Giving him the benefit of the doubt, the Court assumes he did so on the date he signed the Petition; i.e. May 7, 2013.[1] (Doc. No. 1 at 19.) As the Petition is considered filed on that date, the Court finds it was filed 440 days after the expiration of the statue of limitations period.

Therefore, unless equitable tolling is appropriate or Alexander is entitled to begin calculating the statute of limitations from an alternative date, his Petition should be dismissed as

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). In cases where it is unclear when an inmate deposits legal documents with prison officials, courts have assumed that it was done on the date the document was purportedly signed. *See Hollins v. Pineda*, 2012 WL 3023263 at * 3, fn 6 (N.D. Ohio May 30, 2012); *Porter v. Konteh*, 2009 WL 4282911 at * 5-7 (N.D. Ohio, Nov. 30, 2009); *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999).

time-barred.

### B. Factual Predicate

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

Alexander does not argue that the factual predicate of his claims were not discovered until a later date. He does, however, appear to argue his original sentence was void because it was not proper under state law. (Doc. No. 7.) Specifically, in his "Traverse and Objection/Rebuttal," Alexander argues that "until the guilt phase of the state court proceedings has been completed, two fatal results occur: (1) there is no final appealable order upon which any subsequent proceedings might otherwise lie; and, (2) the (1) one year time limitation of the AEDPA has not even began [sic] to run." (Doc. No. 7 at 3.) Claiming the trial court failed to either properly notify him regarding the imposition of post-release control or formally enter a "finding of guilt" on his plea, Alexander asserts "no 'verdict' or 'finding of guilt' had ever been rendered against [him] by the state court." (Doc. No. 7 at 7.) Thus, he argues his sentence his void and the AEDPA statute of limitations has not yet started to run.[2]

---

[2] Alexander also argues Respondent has "confused petitioner with someone other than petitioner," noting that Respondent's Motion to Dismiss misidentifies the correct state appellate court and refers to him by the name "Freeman." (Doc. No. 7.) Although the Court doubts Respondent has confused Alexander with another habeas petitioner, it bears noting that Respondent makes a number of errors in his Motion, including the following: (1) misidentifying the relevant state appellate court as the First Appellate District, Hamilton County (p. 2); (2) misstating Alexander's date of conviction as June 13, 2001 (p. 6); (3) misstating the date of Alexander's date of sentencing as January 30, 2011 (p. 7); (4) incorrectly stating that the statute of limitations period expired on February 20, 2012 (instead of February 22, 2012) (p. 7); and, (5) referring to Alexander by the wrong name (i.e. "Freeman") (p. 8.) (Doc. No. 6.)

This Court has previously rejected arguments that a void sentence means the habeas clock has simply never started. *See, e.g., Alford v. Goodrich*, 2014 WL 359996 at * 8 (N.D. Ohio Jan. 31, 2014); *Hackett v. Bradshaw*, 2012 WL 6869833 at * 6 (N.D.Ohio, Dec. 4, 2012). In *Frazier v. Moore*, 2007 WL 3037256 at * 4 (6th Cir. Oct. 15, 2007), the Sixth Circuit found that a defective state court judgment "does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d) [of the AEDPA]." *Id*. at * 5–6. As noted by the *Frazier* court, "[i]f a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody 'pursuant to the judgment of a state court' for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined." *Id*. at * 5. Reaffirming its decision in *Frazier*, the Sixth Circuit recently confirmed that "[n]othing in the federal habeas statute requires that a judgment be valid under state law" before the statute of limitations begins to run. *Mackey v. Warden, Leb. Corr. Inst*., 2013 WL 1908890 at * 4 (6th Cir. May 9, 2013).

Accordingly, the Court rejects Alexander's argument that the AEDPA statute of limitations has not yet started to run because his sentence was allegedly void. The Court further finds Alexander has failed to otherwise identify any factual predicate that would justify a later start date of the AEDPA statue of limitations period.[3]

---

[3] Alexander does not argue that the limitations period should commence at a later date because (1) he was prevented from filing his Petition due to an impediment created by State action in violation of the Constitution or laws of the United States; or, (2) a

### C. Equitable Tolling

Finally, the Court finds that equitable tolling is not appropriate. Alexander did not raise a tolling argument in his Traverse after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Alexander must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Alexander has failed to meet this burden.

### D. Actual Innocence

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not

---

constitutional right asserted in the Petition was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* § 2244(d)(1)(B), (C).

-11-

presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Here, Alexander has not argued that he is actually innocent.

### III. Conclusion

Accordingly, and for all the reasons set forth above, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: May 21, 2014

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**